UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EMANUEL G. BUSTOS                )
                                 )
v.                               )          No.  3:07-0320
                                 )          JUDGE CAMPBELL
UNITED STATES OF AMERICA         )

MEMORANDUM

I.  Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or

Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro

se.  The Government has filed a Response to the Motion (Docket No. 6), and the Petitioner has

filed a Reply (Docket Nos. 10, 11).

The Court has reviewed the pleadings and briefs filed by both parties, the record of

Petitioner's underlying conviction, and the entire record in this case.  For the reasons set forth

below, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II.  Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged with conspiracy to possess

with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count One), and

with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c) (Indictment (Docket No. 33 in Case No. 3:03-00132)).  Named as Co-Defendants in the

Indictment were David Madriz, Jorge R. Delgado, Jesus Lugo, Saul Cantu, and Cerbullo D.

Valdez, Jr. Id.

The Petitioner pled guilty to both counts of the Indictment without a plea agreement with

the Government (Docket Nos. 159, 240, 201 in Case No. 3:03-00132). The Court subsequently

sentenced the Petitioner to a total term of 240 months of imprisonment, 120 months on Count

One, and 120 months on Count Two, to run consecutively. (Docket Nos. 239, 241, 242, 264 in

Case No. 3:03-00132). Two days later, the Petitioner's counsel filed a motion to reconsider the

sentence in light of the Sixth Circuit's decision in United States v. Harris, 397 F.3d 404 (6th Cir.

2005), issued the day after the sentencing hearing. (Docket No. 247 in Case No. 3:03-00132)[1].

The Court granted the motion and held a new sentencing hearing four days after the first hearing

(Docket Nos. 250, 252, 265 in Case No. 3:03-00132). At the second sentencing hearing, the

Court reduced the sentence on Count Two to 60 months to run consecutively with Count One.

(Docket Nos 253, 265 in Case No. 3:03-00132).

The Petitioner appealed the sentence, and the Sixth Circuit affirmed. (Docket No. 288;

United States v. Bustos, 186 Fed.Appx. 551, 2006 WL 1526089 (6th Cir. 2006)). The Supreme

Court subsequently denied Petitioner's petition for writ of certiorari. Bustos v. United States,

___ U.S. ___, 127 S.Ct. 421, 166 L.Ed.2d 297 (2006).

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his counsel provided

---

[1] In Harris, the Sixth Circuit held that the firearm type provisions in Section 924(c) are elements of the offense rather than sentencing factors, and therefore, before a court can impose a mandatory minimum sentence based on the firearm type provision, the type of firearm must either be admitted by the defendant or charged in the indictment and proved to a jury beyond a reasonable doubt. 397 F.3d at 413-14. Because the Petitioner did not admit that an assault rifle was used in the Section 924(c) offense, and that fact was not found by a jury, the Court at the second sentencing hearing, lowered the sentence on the firearm count from 120 to 60 months. (Transcript of Second Sentencing Hearing on February 11, 2007 (Docket No. 265)).

2

ineffective assistance, the Court erred at sentencing, and his guilty plea was not made

knowingly, intelligently and voluntarily.

 B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

have their sentence vacated, set aside or corrected.[2]  The statute does not provide a remedy,

however, for every error that may have been made in the proceedings leading to conviction.

The statute contemplates constitutional errors, and violations of federal law when the error

qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice."

Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant

v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall

consider the "files, records, transcripts, and correspondence relating to the judgment under

attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same

judge considering the Section 2255 motion also conducted the trial, he may rely on his

recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner

---

[2]  28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

3

is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255

Proceedings For The United States District Courts; <u>Arredondo v. United States,</u> 178 F.3d 778,

782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as

true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" <u>Id.</u> (quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the

proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed

by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because

these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. <u>Ineffective Assistance of Counsel</u>

In order to prevail on an ineffective assistance of counsel claim, the burden is on the

Petitioner to show: (1) trial counsel's performance was not within the range of competence

demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient

performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

(1984); <u>Campbell v. United States</u>, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied upon as having produced a just result." <u>Strickland</u>, 104 S.Ct. at 2052; <u>Ludwig v. United

States</u>, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court

must "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." <u>Id.</u>, at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that

4

"there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that trial counsel was ineffective because counsel failed to explain the sentencing guidelines or go over the Pre-Sentence Investigation Report with him. His claim, however, is belied by the record. At the sentencing hearing, the Court asked trial counsel if he had gone over the Pre-Sentence Investigation Report with the Petitioner. (Transcript of Sentencing Hearing on February 7, 2005, at 4 (Docket No. 264)). Trial counsel told the Court that the Report "was read to him with a Spanish interpreter word for word." (Id.) Petitioner, who was provided with an interpreter at the sentencing hearing, gave no indication that he disagreed in any way with counsel's statement. (Id., at 3-4).

Although he does not specify the particular court proceeding he is referencing, Petitioner states that the interpreter failed to translate properly and that he "complained several times to the Court of the problem." (Petitioner's Memorandum, at 6 (Docket No. 2)). Review of the transcripts of the plea hearing, the sentencing hearing, and the re-sentencing hearing, however, do not reveal any statements by Petitioner complaining of the interpreter.

Petitioner claims that trial counsel did not explain the amount of drugs he could be held accountable for nor did he advise him that he was subject to a consecutive mandatory minimum sentence. Petitioner was advised of both these possibilities, however, before he entered his guilty plea. (Transcript of Plea Hearing, at 11-12 (Docket No. 201)). At the plea hearing, the Government specifically stated, in response to questioning by the Court, that it would seek to

5

attribute 100 to 400 kilograms of marijuana and 1.25 kilograms of cocaine to the Petitioner at sentencing. (Plea Hearing Transcript, at 29). In addition, the Court advised the Petitioner that Count 2 carried a mandatory minimum sentence of five years (or ten years if a semi-automatic assault weapon was found to be involved) that would be consecutive to any other sentence imposed. (Id., at 11-12).

Petitioner also claims that trial counsel told him he would not be sentenced to more than 120 months. At the plea hearing, however, trial counsel stated to the Court that his estimate of the guideline sentencing range was 117 to 131 months. (Id., at 5). The Court also explained to the Petitioner that 117 to 130 months was the estimate included in the plea petition, but that the final guideline calculation could be different, and if it was, he would not be allowed to withdraw his guilty plea. (Id., at 13). At no time did Petitioner raise any objection to or ask any questions about these explanations.

Petitioner claims that the elements of the crimes were not explained to him. At the plea hearing, however, the Court read the Indictment, the statutes charged in the Indictment, and then asked the Petitioner the following:

> Q. Mr. Bustos, do you feel like you understand the nature, the meaning and the cause of the charges against you?
> A. Yes.
> Q. Have you told your lawyer about the facts upon which the charges are based?
> A. Yes.
> Q. Have you and your lawyer talked about what the Government would have to prove, beyond a reasonable doubt, in order for you to be found guilty by a jury?
> A. Yes.

(Id., at 11).

Petitioner argues that counsel was ineffective for permitting him to plead guilty to an

6

assault rifle of which he had no knowledge.  Through the efforts of defense counsel, however,

Petitioner ultimately was not held accountable for the assault rifle when he was re-sentenced.  As

discussed above, the re-sentencing took place after Petitioner's counsel filed a motion to

reconsider in light of the Sixth Circuit's Harris decision, which was issued the day after the

initial sentencing hearing.

Finally, Petitioner claims that counsel should have had arranged for him to plead guilty to

50 pounds of marijuana and five pounds of cocaine.  Petitioner provides no evidence, however,

suggesting that the Government would have agreed to these amounts in a plea agreement.

None of the complaints raised by Petitioner demonstrate that counsel's representation

was defective, or that he suffered prejudice from any alleged deficiency. Thus, the Court

concludes that Petitioner's ineffective assistance claim is without merit and is dismissed.

D. Sentencing Issues

Petitioner next argues that the Court erred in sentencing him based on a judicial finding

as to the quantity of drugs for which he should be held accountable when the amounts of drugs

was not alleged in the Indictment nor admitted by the Petitioner.  The Sixth Circuit addressed

this argument on appeal, however, and held that the drug quantity is not required to be alleged in

the Indictment as long as the sentence for the drug offense does not exceed the statutory

maximum. United States v. Bustos, 186 Fed.Appx. 551, at 2-3, 2006 WL 1526089 (6th Cir.

2006).  See also   Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002);

United States v. Leachman, 309 F.3d 377, 380-83 (6th Cir. 2002).

As the Sixth Circuit pointed out, the statutory maximum for the drug offense to which

Petitioner pled guilty was 30 years, and Petitioner was sentenced to 120 months on the drug

7

offense. Id.  This issue is without merit.

E.  Voluntariness of Plea

Finally, Petitioner argues that his plea of guilty was not entered knowingly, intelligently and voluntarily.  Petitioner claims he was "promised no more than 120 months."  (Petitioner's Memorandum, at 11 (Docket No. 2)).  Petitioner states that he has been given the maximum sentence allowable for the amount of drugs attributed to him, and that he did not know he would receive a consecutive sentence.

As discussed above, the Court advised the Petitioner of the mandatory minimum sentence for Count Two of five years (or ten years if a semi-automatic assault weapon was found to be involved) that would be consecutive to any other sentence imposed.  In addition, the Court explained to the Petitioner at the plea hearing that 117 to 130 months was the estimate included in the plea petition, but that the final guideline calculation could be different.  Petitioner raised no questions or objections about these issues to the Court, and showed no hesitation in entering the guilty plea.  Petitioner's claim that his guilty plea was not knowing and voluntary is undermined by the record in this case, and is without merit.

IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255.  Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c),

which will not issue because the Petitioner has failed to make a substantial showing of the denial

of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE